

AO 106 (REV 4/10) Affidavit for Search Warrant                    AUSA Aaron R. Bond, (312) 469-6047

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

In the Matter of the Search of:

The cellular telephone, further described in
Attachment A

Case Number:

19M150

# APPLICATION AND AFFIDAVIT FOR A SEARCH WARRANT

I, Thomas Lynch, a Postal Inspector of the U.S. Postal Inspection Service, request a search warrant and state

under penalty of perjury that I have reason to believe that on the following property or premises:

### See Attachment A

located in the Northern District of Illinois, there is now concealed:

**FILED**

**MAR 0 6 2019**

### See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is evidence.

**MAGISTRATE JUDGE
SUNIL R. HARJANI**

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 841(a)(1) and 846 | Possession with intent to distribute and distribution of narcotics, and conspiracy to possess with intent to distribute and distribute narcotics |

The application is based on these facts:

### See Attached Affidavit,

Continued on the attached sheet.

_____
*Applicant's Signature*

THOMAS LYNCH, Postal Inspector,
U.S. Postal Inspection Service
*Printed name and title*

Sworn to before me and signed in my presence.

Date: March 6, 2019        at 10:30 am.        _____
                                                *Judge's signature*

City and State: Chicago, Illinois                SUNIL R. HARJANI, U.S. Magistrate Judge
                                                *Printed name and title*

UNITED STATES DISTRICT COURT    )
                                       )    ss
NORTHERN DISTRICT OF ILLINOIS    )

## AFFIDAVIT

I, Thomas Lynch, being duly sworn, state as follows:

1.      I am a Postal Inspector with the U.S. Postal Inspection Service. I have been so employed since approximately September 2017, and I am currently assigned to the USPIS Contraband Interdiction and Investigations Team and have been so since my hiring. Before being employed as a Postal Inspector, I was a Special Agent with the United States Postal Service (USPS) Office of Inspector General (OIG) from approximately March 2016 to September 2017. Prior to being employed with the USPS-OIG, I was employed as a Special Agent with the United States Secret Service from approximately January 2009 to March 2016.

2.      As part of my duties as a USPIS Postal Inspector, I investigate criminal violations relating to narcotics trafficking offenses, including criminal violations of the Federal Controlled Substance laws, including, but not limited to Title 18, United States Code, Sections 1956, and 1957, and Title 21, United States Code, Sections 841, 843, 846, 848, 952 and 963. I have been involved with various electronic surveillance methods, the debriefing of defendants, informants, and witnesses, as well as others who have knowledge of the distribution, transportation, storage and importation of controlled substances.

3.    I have received training in the area of narcotics investigations, money laundering, financial investigations and various methods which drug dealers use in an effort to conceal and launder the proceeds of their illicit drug trafficking enterprises. I have participated in numerous investigations involving violations of narcotics laws.

4.    I have participated in investigations that have led to the issuance and execution of multiple federal search warrants involving violations of narcotic laws. These warrants involved the search of locations including: residences of targets, their associates and relatives, "stash houses" used as drug and money storage locations, storage facilities, bank safe deposit boxes, cellular/camera phones, and computers. Evidence, searched for, and recovered in these locations has included controlled substances, records pertaining to the expenditures and profits realized there from, monetary instruments and various assets that were purchased with the proceeds of the drug trafficking.

5.    This affidavit is made in support of an application for a warrant to search a white Apple iPhone cellular telephone, with IMEI number 357335092997625 ("**Subject Phone**") for evidence described further in Attachment B, concerning narcotics offenses, in violation of Title 21, United States Code, Sections 841 and 846.

6.    The statements in this affidavit are based on my personal knowledge, and on information I have received from other law enforcement personnel and from persons with knowledge regarding relevant facts. Because this affidavit is being

2

submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth facts that I believe are sufficient to establish probable cause to believe that evidence of violations of Title 21, United States Code, Sections 841 (a)(1) and 846, are located within the **Subject Phone**.

## I. FACTS SUPPORTING PROBABLE CAUSE TO SEARCH THE SUBJECT PHONE

7.     As explained below, on February 22, 2019, during the execution of a search warrant in this investigation, law enforcement recovered a cellular telephone—namely, a white Apple iPhone cellular telephone, with IMEI number 357335092997625 (**Subject Phone**").

8.     On February 20, 2019, the Honorable Magistrate Judge Shelia Finnegan granted an application for a search warrant, under case number 19 M 110, to search and seize a Priority Mail Express parcel with tracking number 9470 1118 9956 0072 6799 71 ("Subject Parcel") which was addressed to "S Besic, Things and Things, 2111 W Fletcher St., Chicago, IL 60618-6401." A copy of search warrant 19 M 110 will be provided to the Court along with this search warrant, and its content is incorporated herein by reference.

9.     On February 22, 2019, Magistrate Judge Sheila Finnegan granted an application for an anticipatory search warrant, under case number 19 M 119, authorizing law enforcement to search the Subject Parcel's destination address, which was a two-story, rear unit – coach house residence located behind the primary

3

residence at the street address 2111 W. Fletcher St. in Chicago (Subject Premises). In particular, the anticipatory search warrant authorized agents to search the Subject Premises under the condition that (i) the Subject Parcel entered or was received by someone within the Subject Premises or (ii) the Subject Parcel was opened within the Subject Premises. A copy of search warrant 19 M 119 will be provided to the Court along with this search warrant, and its content is incorporated herein by reference.

10.    On February 22, 2019, the Honorable Chief Judge Ruben Castillo issued an order authorizing law enforcement to install and monitor an electronic monitoring device and Global Positioning System inside of the Subject Parcel. A copy of the application and affidavit in support of the February 22, 2019 Order will be provided to the Court along with this search warrant, and their content is incorporated herein by reference.

11.    On February 23, 2019, Magistrate Judge Sheila Finnegan signed a criminal complaint, case number 19 CR 160 (hereinafter, the "Complaint"), charging STEVEN BESIC with attempting to possess with intent to distribute a controlled substance, namely, a quantity of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). A copy of the Complaint will be provided to the Court along with this search warrant, and its content is incorporated herein by reference.

4

12. In summary, as set forth in the complaint, on February 22, 2019, at approximately 2:18 p.m., shortly after law enforcement officers had established surveillance around the Subject Premises, an undercover law enforcement officer (UC), dressed as a USPS Letter Carrier, delivered the Subject Parcel to the Subject Premises.

13. While on surveillance Postal Inspectors learned through Postal databases that an "Informed Delivery" account with the USPS had been established in BESIC'S name at the Subject Premises. Informed Delivery by USPS is an online service, which allows customers to preview their mail and manage their packages scheduled to arrive. Informed Delivery also allows the user to view greyscale images of the exterior address side of letter sized mail pieces and track packages via text message and e-mail alerts. To create an Informed Delivery account, customers provide basic information such as their name, physical address, e-mail address, and telephone number. Among other options, Informed Delivery allows users the ability receive text message and e-mail alerts for their mail and provide additional delivery instructions.

14. While reviewing BESIC's Informed Delivery account, Postal Inspectors observed that BESIC provided telephone number, 312-843-8241, and e-mail address steven.besic@gmail.com for his Informed delivery account. BESIC's account was established for 2111 W. Fletcher St., RH, Chicago, IL 60618-6401 (Subject Premises).

5

15.     As explained below, on February 22, 2019, law enforcement executed the search warrant for the Subject Premises after BESIC brought the Subject Parcel into the Subject Premises and opened it.

16.     During their execution of the search warrant, investigators made contact with BESIC at the threshold of the doorway and immediately noticed BESIC's hands were stained purple from the theft detection powder that had been placed inside of the Subject Parcel by law enforcement, along with the sham methamphetamine. Investigators also discovered the bathroom toilet and bathroom sink to be stained purple, indicating contact with the theft detection powder.

17.     In addition, inside of the toilet investigators also discovered an empty food-saver bag, which had contained one of the sham methamphetamine bundles from the Subject Parcel, while next to the toilet investigators recovered the other sham methamphetamine bundle, still full and intact. In the trash receptacle, next to the toilet, investigators recovered the GPS device that had been placed into the Subject Parcel by law enforcement. Also inside the trash receptacle next to the toilet was the bag, which had previously contained the two sham bundles of methamphetamine.

18.     During their continued search of the Subject Premises, law enforcement officers recovered the following: approximately 26.4 grams of white crystalline substance, which field tested positive for methamphetamine; 109 grams of a white powdery substance, which field tested positive for methamphetamine; small amounts of suspect MDMA; suspect psilocybin mushrooms; suspect cocaine base; several

6

bottles of suspect GHB; numerous items of mail addressed to BESIC at the Subject Premises; a social security card in the name of BESIC; business cards containing BESIC's name and an email address associated with BESIC's Informed Delivery account; and the **Subject Phone**.

19.   Furthermore, during the execution of the search warrant at the Subject Premises, law enforcement called the telephone number associated with BESIC'S Informed Delivery account, 312-843-8241. Investigators subsequently observed the **Subject Phone**, which was located immediately adjacent to the previously described 26.4 grams of suspect methamphetamine, ring and illuminate to alert of an incoming telephone call.

20.   Since February 22, 2019, **Subject Phone** has been in the custody of the USPIS.

21.   At the time of search, data stored on the **Subject Phone**, including text and voice mail messages sent and received by BESIC during the course of the commission of the narcotics offenses, were not known.

22.   Based upon my training and experience, I know that cellular phones may contain relevant evidence of the narcotics offenses, including text messages made or received from the **Subject Phone** that are located in the memory of the **Subject Phone**, which messages may provide information regarding the identities of, and the methods and means of operation and communication used by, the participants in the narcotics offenses. Moreover, digital photographs located in the

7

memory of the **Subject Phone** may contain images of the tools or participants involved in the narcotics offenses. Moreover, digital photographs stored in the **Subject Phone** may contain images of the user of the **Subject Phone**, the user's associates (including persons involved in or knowledgeable about the subject offenses), places frequented by the user of the phone leading up to and during the subject offenses, and locations and instrumentalities used in committing the subject offenses.

23.     In addition, based on my training and experience, I know that information stored within a cellular phone may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, the information stored within a cell phone can indicate who has used or controlled the cell phone. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, contacts lists, instant messaging logs, and communications (and the data associated with the foregoing, such as date and time) may indicate who used or controlled the cell phone at a relevant time. Further, such stored electronic data can show how and when the cell phone and its related account were accessed or used. Such "timeline" information allows investigators to understand the chronological context of cell phone access, use,

and events relating to the crime under investigation. This "timeline" information may tend to either inculpate or exculpate the cell phone account owner.

24. Additionally, information stored within a cell phone may indicate the geographic location of the cell phone and user at a particular time (*e.g.*, location integrated into an image or video sent via email or text message to include both metadata and the physical location displayed in an image or video). Stored electronic data may also provide relevant insight into the cell phone owner's state of mind as it relates to the offense under investigation. For example, information in the cell phone may indicate the owner's motive and intent to commit a crime (*e.g.*, communications relating to the crime), or consciousness of guilt (*e.g.*, deleting communications in an effort to conceal them from law enforcement). Unless this data is destroyed, by breaking the cell phone itself or by a program that deletes or over-writes the data contained within the cell phone, such data will remain stored within the cell phone indefinitely.

25. Through experience as a law enforcement officer and through the experience of other law enforcement officers as conveyed to me, I have learned that individuals involved in criminal offenses, including conspiracies to possess and distribute narcotics, commonly use cellular telephones as a means to communicate. Individuals involved in criminal offenses, including conspiracies to possess and distribute narcotics, also often store telephone numbers and names or nicknames of fellow conspirators on their telephones and the telephones also reflect recent call

9

history. Finally, individuals often use text messaging and digital photographs in furtherance of their criminal activity that are stored on cellular telephones.

26.     Because, as explained above, the **Subject Phone** is associated with the target in this case via his USPS Informed Delivery account; and because, in my experience and in experience of other law enforcement officers, individuals who receive narcotics in the mail commonly use their smart phones to order their narcotics and receive confirmation of the delivery of those narcotics (via telephone or the internet), there is probable cause to believe the **Subject Phone**, described in attachment A, contains evidence of violations of narcotics offenses.

## II.    SPECIFICS REGARDING SEARCHES OF ELECTRONIC STORAGE MEDIA

27.     Based upon my training and experience, and the training and experience of specially trained personnel whom I have consulted, searches of evidence from electronic storage media commonly require agents to download or copy information from the electronic storage media and their components, or remove most or all electronic storage media items (*e.g.* computer hardware, computer software, computer-related documentation, and cellular telephones) to be processed later by a qualified computer expert in a laboratory or other controlled environment. This is almost always true because of the following:

a.     Electronic storage media can store the equivalent of thousands of pages of information. Especially when the user wants to conceal criminal evidence, he or she often stores it with deceptive file names. This requires searching authorities

10

to examine all the stored data to determine whether it is included in the warrant. This sorting process can take days or weeks, depending on the volume of data stored, and it would be generally impossible to accomplish this kind of data search on site.

b.    Searching electronic storage media for criminal evidence is a highly technical process requiring expert skill and a properly controlled environment. The vast array of computer hardware and software available requires even computer experts to specialize in some systems and applications, so it is difficult to know before a search which expert should analyze the system and its data. The search of an electronic storage media system is an exacting scientific procedure which is designed to protect the integrity of the evidence and to recover even hidden, erased, compressed, password-protected, or encrypted files. Since electronic storage media evidence is extremely vulnerable to tampering or destruction (which may be caused by malicious code or normal activities of an operating system), the controlled environment of a laboratory is essential to its complete and accurate analysis.

28.    In order to fully retrieve data from a computer system, the analyst needs all storage media as well as the computer. The analyst needs all the system software (operating systems or interfaces, and hardware drivers) and any applications software which may have been used to create the data (whether stored on hard disk drives or on external media).

29.    In addition, electronic storage media such as a computer, its storage devices, peripherals, and Internet connection interface may be instrumentalities of

11

the crime(s) and are subject to seizure as such if they contain contraband or were used to carry out criminal activity.

## III. PROCEDURES TO BE FOLLOWED IN SEARCHING ELECTRONIC STORAGE MEDIA

30.     Pursuant to Rule 41(e)(2)(B) of the Federal Rules of Criminal Procedure, this warrant will authorize the removal of electronic storage media and copying of electronically stored information found inside the **Subject Phone** so that they may be reviewed in a secure environment for information consistent with the warrant. That review shall be conducted pursuant to the following protocol.

31.     The review of electronically stored information and electronic storage media described in Attachment A may include the following techniques (the following is a non-exclusive list, and the government may use other procedures that, like those listed below, minimize the review of information not within the list of items to be seized as set forth herein):

a.      examination of all the data contained inside the **Subject Phone** to determine whether that data falls within the items to be seized as set forth in Attachment B;

b.      searching for and attempting to recover any deleted, hidden, or encrypted data to determine whether that data falls within the list of items to be seized as set forth in Attachment B (any data that is encrypted and unreadable will not be returned unless law enforcement personnel have determined that the data is not (1) an instrumentality of the offenses, (2) a fruit of the criminal activity, (3)

12

contraband, (4) otherwise unlawfully possessed, or (5) evidence of the offenses specified above);

      c.     surveying file directories and the individual files they contain to determine whether they include data falling within the list of items to be seized as set forth in Attachment B;

      d.     opening or reading portions of files, and performing key word searches of files, in order to determine whether their contents fall within the items to be seized as set forth in Attachment B.

     32.    The government will return the **Subject Phone** within 30 days of the removal unless, pursuant to Rule 41(c)(2) or (3) of the Federal Rules of Criminal Procedure, the removed electronic storage media contains contraband or constitutes an instrumentality of crime, or unless otherwise ordered by the Court.

13

## IV.    CONCLUSION

33.    Based on the above information, I respectfully submit that there is probable cause to believe that narcotics offenses, in violation of Title 21, United States Code, Sections 841 (a)(1) and 846, have been committed, and that evidence relating to this criminal conduct, as further described in Attachment B, will be found in the **Subject Phone**, as further described in Attachment A. I therefore respectfully request that this Court issue a search warrant for the **Subject Phone** more particularly described in Attachment A, authorizing the seizure of the items described in Attachment B, pursuant to the protocol described in the addendum to Attachment B.

FURTHER AFFIANT SAYETH NOT.

Thomas Lynch
Postal Inspector
U.S. Postal Inspection Service

Subscribed and sworn
before me this 6th day of March, 2019

Honorable SUNIL R. HARJANI
United States Magistrate Judge

14

## **ATTACHMENT A**

## **DESCRIPTION OF ITEM TO BE SEARCHED**

The cellular telephone identified as follows:

- One white colored Apple iPhone, bearing IMEI 357335092997625, contained in a protective case, which is translucent on the sides and mirrored on the back, associated with telephone number 312-843-8241, which was seized by USPIS on February 22, 2019, during the arrest of STEVEN BESIC in 19 CR 160.

## ATTACHMENT B

## LIST OF ITEMS TO BE SEIZED

Evidence concerning violations of Title 21, United States Code, Sections 841(a)(1) and 846:

1.      Any documents and communication related to controlled substances or drug trafficking;

2.      Location information;

3.      All names, aliases, email addresses, and phone numbers that relate to the identities of the participants and/or co-conspirators involved in drug trafficking;

4.      Evidence of who used, owned, or controlled **Subject Phone**, such as saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

5.      The list of all telephone calls made or received located in the memory of **Subject Phone** that provides information regarding the identities of and the methods and means of operation and communication by the participants and/or co-conspirators involved in drug trafficking;

6.      All text messages made or received located in the memory of **Subject Phone**, including, but not limited to, text message records and records of electronic communications through mobile applications such as Facebook, Instagram, WhatsApp, and similar applications, that provide information regarding the

2

identities of and the methods and means of operation and communication by the participants and/or co-conspirators involved in drug trafficking;

7.     All digital photographs located in the memory of **Subject Phone** that contain images related to and depicting narcotics, narcotics trafficking, or the proceeds therefrom, including images of locations in which narcotics or their proceeds are stored or processed, or any weapons used to participate in drug trafficking, participants and/or co-conspirators involved in drug trafficking, associates of the user, or users, of **Subject Phone**, and areas frequented by the user, or users, of **Subject Phone**.

8.     Any SIM card located within **Subject Phone** that helps to confirm the cellular telephone number associated with **Subject Phone**.

## ADDENDUM TO ATTACHMENT B

Pursuant to Rule 41(e)(2)(B) of the Federal Rules of Criminal Procedure, this warrant authorizes the removal of electronic storage media and copying of electronically stored information found in the premises described in Attachment A so that they may be reviewed in a secure environment for information consistent with the warrant. That review shall be conducted pursuant to the following protocol:

The review of electronically stored information and electronic storage media described in Attachment A may include the following techniques (the following is a non-exclusive list, and the government may use other procedures that, like those listed below, minimize the review of information not within the list of items to be seized as set forth herein):

   a.   examination of all the data contained in such computer hardware, computer software, and/or memory storage devices to determine whether that data falls within the items to be seized as set forth in Attachment B;

   b.   searching for and attempting to recover any deleted, hidden, or encrypted data to determine whether that data falls within the list of items to be seized as set forth in Attachment B (any data that is encrypted and unreadable will not be returned unless law enforcement personnel have determined that the data is not (1) an instrumentality of the offenses, (2) a fruit of the criminal activity, (3) contraband, (4) otherwise unlawfully possessed, or (5) evidence of the offenses specified above);

   c.   surveying file directories and the individual files they contain to determine whether they include data falling within the list of items to be seized as set forth in Attachment B; and

   d.   opening or reading portions of files, and performing key word searches of files, in order to determine whether their contents fall within the items to be seized as set forth in Attachment B.

The government will return any electronic storage media described in Attachment A within 30 days of the removal unless, pursuant to Rule 41(c)(2) or (3) of the Federal Rules of Criminal Procedure, the removed electronic storage media contains contraband or constitutes an instrumentality of crime, or unless otherwise ordered by the Court.

4

AO 93 (Rev. 11/13) Search and Seizure Warrant                                    AUSA Aaron R. Bond, (312) 469-6047

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

In the Matter of the Search of:

The cellular telephone, further described in
Attachment A

Case Number:    19 M 1 5 0

**SEARCH AND SEIZURE WARRANT**

To: Thomas Lynch and any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Northern District of Illinois:

**See Attachment A**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**See Attachment B**

**YOU ARE HEREBY COMMANDED** to execute this warrant on or before <u>March 20, 2019</u> in the daytime (6:00 a.m. to 10:00 p.m.).

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the issuing United States Magistrate Judge.

Date and time issued: <u>March 6, 2019</u>

_____
Judge's signature

City and State: <u>Chicago, Illinois</u>

<u>SUNIL R. HARJANI, U.S. Magistrate Judge</u>
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No: | Date and Time Warrant Executed: | Copy of Warrant and Inventory Left With: |
| Inventory made in the presence of: | | |
| Inventory of the property taken and name of any person(s) seized: | | |

## Certification

       I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## **ATTACHMENT A**

## **DESCRIPTION OF ITEM TO BE SEARCHED**

The cellular telephone identified as follows:

- One white colored Apple iPhone, bearing IMEI 357335092997625, contained in a protective case, which is translucent on the sides and mirrored on the back, associated with telephone number 312-843-8241, which was seized by USPIS on February 22, 2019, during the arrest of STEVEN BESIC in 19 CR 160.

## ATTACHMENT B

### LIST OF ITEMS TO BE SEIZED

Evidence concerning violations of Title 21, United States Code, Sections 841(a)(1) and 846:

1. Any documents and communication related to controlled substances or drug trafficking;

2. Location information;

3. All names, aliases, email addresses, and phone numbers that relate to the identities of the participants and/or co-conspirators involved in drug trafficking;

4. Evidence of who used, owned, or controlled **Subject Phone**, such as saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

5. The list of all telephone calls made or received located in the memory of **Subject Phone** that provides information regarding the identities of and the methods and means of operation and communication by the participants and/or co-conspirators involved in drug trafficking;

6. All text messages made or received located in the memory of **Subject Phone**, including, but not limited to, text message records and records of electronic communications through mobile applications such as Facebook, Instagram, WhatsApp, and similar applications, that provide information regarding the

2

identities of and the methods and means of operation and communication by the participants and/or co-conspirators involved in drug trafficking;

7.. All digital photographs located in the memory of **Subject Phone** that contain images related to and depicting narcotics, narcotics trafficking, or the proceeds therefrom, including images of locations in which narcotics or their proceeds are stored or processed, or any weapons used to participate in drug trafficking, participants and/or co-conspirators involved in drug trafficking, associates of the user, or users, of **Subject Phone**, and areas frequented by the user, or users, of **Subject Phone**.

8. Any SIM card located within **Subject Phone** that helps to confirm the cellular telephone number associated with **Subject Phone**.

3

## ADDENDUM TO ATTACHMENT B

Pursuant to Rule 41(e)(2)(B) of the Federal Rules of Criminal Procedure, this warrant authorizes the removal of electronic storage media and copying of electronically stored information found in the premises described in Attachment A so that they may be reviewed in a secure environment for information consistent with the warrant. That review shall be conducted pursuant to the following protocol:

The review of electronically stored information and electronic storage media described in Attachment A may include the following techniques (the following is a non-exclusive list, and the government may use other procedures that, like those listed below, minimize the review of information not within the list of items to be seized as set forth herein):

a. examination of all the data contained in such computer hardware, computer software, and/or memory storage devices to determine whether that data falls within the items to be seized as set forth in Attachment B;

b. searching for and attempting to recover any deleted, hidden, or encrypted data to determine whether that data falls within the list of items to be seized as set forth in Attachment B (any data that is encrypted and unreadable will not be returned unless law enforcement personnel have determined that the data is not (1) an instrumentality of the offenses, (2) a fruit of the criminal activity, (3) contraband, (4) otherwise unlawfully possessed, or (5) evidence of the offenses specified above);

c. surveying file directories and the individual files they contain to determine whether they include data falling within the list of items to be seized as set forth in Attachment B; and

d. opening or reading portions of files, and performing key word searches of files, in order to determine whether their contents fall within the items to be seized as set forth in Attachment B.

The government will return any electronic storage media described in Attachment A within 30 days of the removal unless, pursuant to Rule 41(c)(2) or (3) of the Federal Rules of Criminal Procedure, the removed electronic storage media contains contraband or constitutes an instrumentality of crime, or unless otherwise ordered by the Court.

4